EUGENE MURRAY, Respondent, v. ALFRED A. GREEN, Appellant.

## No. 5673; October 30, 1879.

**Ejectment—Purchaser from Plaintiff Pending Action.**—A person who, pending an action of ejectment, acquires the plaintiff's title by purchase may, in a subsequent action in which the parties are reversed, rely upon the recovery in the first action together with averments connecting himself with the title of the plaintiff therein; and allegations of the issuing and serving of the writ of possession are immaterial.

APPEAL from Fourth Judicial District, San Francisco County.

E. A. Lawrence and J. F. Sullivan for respondent; B. S. Brooks for appellant.

By the COURT.—The nature and effect of the instrument executed by and between Mary Ann Roussel and husband and McLeran has not been discussed by counsel, but they treat it as a deed of conveyance, and no objection is suggested as to the validity of any of the clauses of the instrument. One of those clauses prohibits McLeran from selling, conveying or otherwise disposing of any of the lands without the written consent of Mary Ann Roussel. The deed of McLeran to Murray, made during the pendency of the action of McLeran v. McNamara et al., having been made without the written consent of Mary Ann Roussel, is absolutely void, as a conveyance of any interest acquired by McLeran under the first mentioned deed, if the above clause is valid.

The habendum clause recites that the premises are held, the undivided half for McLeran, and the other half in trust for said Mary Ann; and another clause provides that if McLeran shall obtain the seisin or possession of any of the lands, such seisin and possession shall ipso facto operate to invest the said Mary Ann with the legal seisin, possession and estate of and in the one undivided half thereof, at her election. It is unnecessary at this time to define the precise effect of each of those clauses, but it is sufficient to say that, if valid, they vested in said Mary Ann or her assigns the legal title to the undivided half of the land in controversy, it being the land which McLeran recovered of Murray in the above-mentioned action.

Pending that action, Mary Ann Roussel and her husband and McLeran executed a deed purporting to convey this land to Moon, and he conveyed the same to Porter, the defendant's lessor, who held the same at the commencement of this action. From these facts it results that Porter holds the entire title to the tract of land in controversy, or the undivided half

thereof—that is to say, the entire title if the deed of McLeran to Murray is void because of the first mentioned clause of the deed, or the title to the undivided half, if he can rely only on the last two mentioned clauses of the deed. The finding, therefore, to the effect that the plaintiff, Murray, is the owner in fee of the premises is contrary to the evidence.

These conveyances were admissible in evidence under the issues formed by the allegations of the complaint and the general denial of the answer. The only matter required to be specially pleaded by the defendant, so far as the case shows, was the recovery of the judgment of McLeran against Murray, and, in connection therewith the above-mentioned deeds to Moon, and to Porter, made during the pendency of the action, and the tenancy of the defendant, under Porter—the deeds and tenancy being required only for the purpose of showing the relation of the defendant to the recovery of the judgment by McLeran against Murray. In order that the parties claiming under the deed of Mary Ann Roussel and McLeran to Moon might have the benefit of that recovery, it was unnecessary to aver the issuing or service of the writ of possession; for it was the judgment, and not the writ or its service, that determined the rights of the parties to that action. The writ of possession and its service inured to the benefit of those parties, they having acquired the title upon which the recovery was had, during the pendency of the action. The proposed amendment of the answer was therefore immaterial and unnecessary.

Judgment and order reversed and cause remanded for a new trial. Remittitur forthwith.

(Wallace C. J. being disqualified did not participate in the decision.)